USCA1 Opinion

 

 [NOT FOR PUBLICATION] United States Court of Appeals For the First Circuit ____________________ No. 97-1062 UNITED STATES, Appellee, v. HIPOCRATE NAVEO-MORCELLO, A/K/A LUIS SANCHEZ, Defendant - Appellant. ____________________ APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MASSACHUSETTS [Hon. Michael A. Ponsor, U.S. District Judge] ___________________ ____________________ Before Boudin, Circuit Judge, _____________ Hill,* Senior Circuit Judge, ____________________ and Pollak,** Senior District Judge. _____________________ _____________________ Merle Ruth Hass, by appointment of the Court, with whom ________________ Applegate, Valauskas & Rosen was on brief for appellant. ____________________________ Kevin O'Regan, Assistant United States Attorney, with whom ______________ Donald K. Stern, United States Attorney, was on brief for _________________ appellee. ____________________ November 26, 1997 ____________________  ____________________ * Of the Eleventh Circuit, sitting by designation. ** Of the Eastern District of Pennsylvania, sitting by designation. HILL, Senior Circuit Judge. Defendant-Appellant HILL, Senior Circuit Judge. _______________________ Hip crate Naveo-Morcello appeals the district court s denial of his motion to dismiss the indictment, charging him with illegal reentry after deportation, in violation of 8 U.S.C. 1326. The district court sentenced Naveo-Morcello to fifty-one months in prison and three years supervised release. His appeal is based on the ground that his prior deportation from the United States was unlawful. Under United States v. Mendoza-L pez, 107 S. Ct. 2148 _____________ _____________ (1987), the Supreme Court held that where a defendant s prior deportation constitutes a critical element of his alleged crime, and where meaningful judicial review of that order is denied, then a court must review the prior deportation order. Id. at __ 2154-55. Here, in a well-considered opinion, the district court found that Naveo-Morcello had voluntarily and knowingly waived his right to judicial review. It also found that his decision to leave the country was not due to unconscionable Government conduct. See, e.g., United States v. Vieira-Candelario, 6 F.3d ___ ____ _____________ _________________ 12, 15 (1st Cir. 1993). It concluded that Naveo-Morcello s collateral attack of his deportation was foreclosed under Mendoza-L pez. We agree. _____________ We recognize that court-appointed counsel for Naveo- Morcello in this appeal was presented with the proverbial sow s ear, from which, in brief and oral argument, she sought to make a -2- silk purse. In spite of her commendable effort, that end was not achieved. There being no error, the district court s denial of Naveo-Morcello s motion to dismiss the indictment is affirmed. AFFIRMED. AFFIRMED. -3-